IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:21-HC-2157-M

| | |
|---|---|
| TRAVIS TODD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| M. KING, ) | |
| ) | |
| Respondent. ) | |

Petitioner, a former federal inmate proceeding pro se, filed this action pursuant to 28 U.S.C. § 2241. This action is before the court on respondent's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (D.E. 9). Petitioner did not respond to respondent's motion. For the reasons discussed below, the court grants respondent's motion.

STATEMENT OF THE CASE

On July 22, 2021, petitioner filed the instant action alleging defendant failed to give him two years of prior custody credit. (Pet. (D.E. 1-1) at 3). After conducting its initial review, the court allowed the action to proceed on the instant claims on April 5, 2022. On April 19, 2022, respondent filed the instant motion to dismiss supported by a memorandum in support and the following exhibits: 1.) declaration of Kelly Forbes, a paralegal specialist at the Federal Correctional Complex in Butner, North Carolina; 2.) petitioner's administrative remedy generalized retrieval; and 3.) petitioner's public information inmate data. Respondent argues petitioner failed to exhaust administrative remedies and failed to state a claim upon which relief can be granted. (Resp. Mem. in Supp. (D.E. 10) at 3–10).

That same day, the court notified petitioner of respondent's motion to dismiss and the consequences of failing to respond. (Rule 12 Letter (D.E. 12)). This included a warning that this action may be dismissed if petitioner failed to respond. (Id.). As noted, petitioner did not respond.

COURT'S DISCUSSION

A. Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) tests subject-matter jurisdiction–a court's "statutory or constitutional power to adjudicate the case." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (emphasis omitted). "[T]he party invoking federal jurisdiction bears the burden of establishing its existence." Id.; see also Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). When considering a motion to dismiss for lack of subject-matter jurisdiction, "[t]he district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). Moreover, the court may consider evidence outside the pleadings without converting the motion into one for summary judgment. See id.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the complaint's legal and factual sufficiency. See Iqbal, 556 U.S. at 677–80; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63 (2007); see also Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) ("[A motion to dismiss] does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To withstand a motion to dismiss under Rule 12(b)(6), a pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible

2

on its face." Iqbal, 556 U.S. at 678 (quotation omitted); see Twombly, 550 U.S. at 570; Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008).

"[I]n evaluating a Rule12(b)(6) motion to dismiss, a court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009); see also Iqbal, 556 U.S. at 679–80. However, the court will not consider "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement" or "unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd., 591 F.3d at 255 (quotation marks and citations omitted). "Nor must [a court] accept as true allegations that contradict matters properly subject to judicial notice." Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (internal quotation marks omitted). Although the court liberally construes pro se filings, Erickson v. Pardus, 551 U.S. 89, 94 (2007), all complaints must contain "more than labels and conclusions," Twombly, 550 U.S. at 555.

B.  Analysis

As noted above, respondent raises the affirmative defense that petitioner failed to exhaust administrative remedies before commencing this action. Before a petitioner may challenge the execution of his sentence pursuant to 28 U.S.C. § 2241,

> federal courts require exhaustion of alternative remedies, including administrative appeals. See e.g., Boumediene v. Bush, 553 U.S. 723, 793 (2008); Timms v. Johns, 627 F.3d 525, 531 (4th Cir. 2010). The exhaustion requirement is a prudential restraint, not a statutory requirement. Dragenice v. Ridge, 389 F.3d 92, 98 (4th Cir. 2004). It allows agencies to exercise autonomy and discretion and prevents premature judicial intervention. Darby v. Kemp, 957 F.2d 145, 147 (4th Cir. 1992), rev'd on other grounds Darby v. Cisneros, 509 U.S. 137 (1993).

Rodriguez v. Ratledge, 715 F. App'x 261, 265 (4th Cir. 2017); see also McClung v. Shearin, 90 F.

3

App'x 444, 445 (4th Cir. 2004) ("Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions.").

In the instant case, respondent made an undisputed showing that petitioner failed to exhaust administrative remedies. (See Resp. Mem. in Supp. (D.E. 10) at 6–8; Forbes Decl. (D.E. 11) ¶¶ 5-8). As noted, petitioner did not respond to the motion dismiss. Thus, he failed to provide evidence or arguments contesting defendant's showing. See Custis v. Davis, 851 F.3d 358, 362 (4th Cir. 2017) (confirming the "courts' ability to dismiss complaints for failure to exhaust administrative remedies when the defendants raise the issue as an affirmative defense and the inmate has had an opportunity to respond to the affirmative defense"); Moore, 517 F.3d at 724–26 ("[E]ven if it is not apparent from the pleadings that there are available administrative remedies that the prisoner failed to exhaust, a complaint may be dismissed on exhaustion grounds so long as the inmate is first given an opportunity to address the issue."). Furthermore, petitioner waived the right to respond to the exhaustion defense when he failed to respond to respondent's motion to dismiss. See Pueschel v. United States, 369 F.3d 345, 354 (4th Cir. 2004) (providing that, when a party fails to respond to a motion to dismiss, the court may dismiss the claims on the undisputed grounds therein).

Accordingly, because petitioner did not respond to respondent's motion to dismiss disputing his assertion that petitioner failed to exhaust administrative remedies before filing the instant action, the court finds petitioner filed to exhaust his administrative remedies.

Reviewing the claims presented in the petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong, and none of the issues are adequate to deserve encouragement to proceed further. See

4

Buck v. Davis, 137 S. Ct. 759, 777 (2017); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000). Accordingly, the court denies a certificate of appealability.

## CONCLUSION

For the reasons discussed above, the court GRANTS respondent's motion to dismiss (D.E. 9) and DENIES a certificate of appealability. The clerk is DIRECTED to close this case.

SO ORDERED, this the 29th day of March, 2023.

*Richard E. Myers II*
RICHARD E. MYERS, II
Chief United States District Judge

5